# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| AARON PIERCY, as Administrator of the Estate of Dale Piercy,<br><br>Plaintiff,<br><br>vs.<br><br>KELLY WILHELMI, individually and in his capacity as Sheriff of Whiteside County; *et al.*,<br><br>Defendants. | No. 16-mc-105<br><br>ORDER DENYING MOTION TO QUASH |

This matter comes before the Court on the Motion to Quash Foreign Subpoenas (docket number 1) filed by Julie Warkins, Dan Williams, and Advanced Correctional Healthcare, Inc. ("Movants"); and the Brief in Resistance (docket number 4) filed by Plaintiff Aaron Piercy on May 31. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. BACKGROUND

Aaron Piercy filed an action in the United States District Court for the Northern District of Illinois following the death of his father, Dale Piercy, while in the custody of the Illinois Department of Corrections. Dale Piercy was detained at the Whiteside County, Illinois, Jail for approximately 14 days and then transferred to Stateville NRC, where he died 15 days later. It is claimed that Dale Piercy did not receive appropriate treatment for a medical condition while in the Whiteside County Jail or in Illinois Department of Corrections' custody. Movant Advanced Correctional Healthcare ("ACH") had contracted with the Whiteside County Jail to provide medical services. Piercy sued ACH for

allegedly maintaining a policy or custom of denying medical care and medication to prisoners in their care.[1]

Movants argue that "Plaintiff is using the *Monell* claim as an excuse to drive costly and burdensome discovery." Apparently, ACH has similar contracts with other jails in multiple states. According to Movants, Piercy has served "six requests for production totaling 100 separate requests, four sets of interrogatories, and three requests to admit." More importantly, as it applies to the instant motion, Piercy has "issued subpoenas to forty-two facilities in eight states and eleven federal court districts where ACH contracted to provide medical services." Here in the Northern District of Iowa, Piercy served subpoenaes on the Cedar, Clayton, and Woodbury County jails. Movants ask the Court to refer the motion to quash to the presiding judge in the underlying action in the Northern District of Illinois "to be consolidated with other Motions to Quash being filed contemporaneously with this motion, so that they can be decided together and consistently." Alternatively, Movants ask the Court to quash the subpoenaes.

Piercy resists. First, Piercy argues that Movants lack standing for the requested relief because the subpoenaes are not directed to them. Second, Piercy argues that the motion fails on its merits because the information sought imposes a minimal burden and is relevant to the merits of the underlying case. It is also argued that transfer of the motion is not proper because there are no "exceptional circumstances" warranting such a transfer. Piercy asserts in his resistance that the Cedar County Jail and Clayton County Jail have

---

[1] Neither the motion to quash nor the brief in resistance identify the role of Movants Julie Warkins or Dan Williams in this case. I assume, however, that they are employees of ACH.

already responded to the subpoenaes, and the Woodbury County Jail has indicated they do not have any documents responsive to the subpoena.[2]

## II. DISCUSSION

FEDERAL RULE OF CIVIL PROCEDURE 45(d)(3)(A)(iv) requires a court to quash a subpoena that "subjects a person to undue burden." RULE 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." According to the committee notes, "the proponent of transfer bears the burden of showing that such [exceptional] circumstances are present." Transfer may be warranted when the court where the action is pending "has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Movants argue that because this issue will occur in multiple districts, the motion should be transferred to the district where the underlying case is pending. Alternatively, Movants ask that the motion be quashed because it is "disproportionate to the needs of the case" and presents an undue burden.

In response, Piercy argues Movants lack standing to file the motion because the subpoenaes are not directed to them, citing a number of cases. *See, e.g.*, *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013) ("Parties to whom subpoenas are not directed lack standing to quash or modify such subpoenas on the basis that the subpoenas impose an undue burden."). Movants did not address the issue of standing in their motion to quash, and did not reply to Piercy's resistance raising the issue. That is, Movants have

---

[2] According to a footnote, the Clayton County Jail provided all of the materials they had and the Woodbury County Jail indicated they do not have any responsive materials. The Cedar County Jail provided some documents, but apparently indicated that documents relating to amendments to the contract were missing. Piercy states an intention to "follow up" with the Cedar County Jail and notes that he "has found the staff at Cedar County Jail very helpful and responsive and anticipates no issues in addressing this matter."

not provided the Court with any authority contesting Piercy's assertion that Movants lack standing to file a motion to quash. Moreover, it would appear that the three Northern District of Iowa jails served with subpoenaes did not find compliance with the subpoenaes to be an undue burden and, apparently, have in fact responded.

I conclude that because the subpoenaes are not directed to them, Movants lack standing to file the motion to quash. Accordingly, I find it unnecessary to address the merits of the motion, or to transfer the motion to the Northern District of Illinois.

## ORDER

**IT IS THEREFORE ORDERED** that the Motion to Quash Foreign Subpoenas (docket number 1) filed by Julie Warkins, Dan Williams, and Advanced Correctional Healthcare, Inc. is **DENIED**.

DATED this 29th day of June, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA